**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAE PATTISON, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SILVER STATE FINANCIAL SERVICES, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:12-cv-00493-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

　　　This matter is before the court on Plaintiffs' Rae Pattison and Jeffery Whaley's failure to comply with this court's Order (Dkt. #3) and Order to Show Cause (Dkt. #5).

　　　On April 12, 2012, the court entered an Order (Dkt. #3) requiring Plaintiffs to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before April 25, 2012. The order warned Plaintiffs that their failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.* Plaintiffs failed to file their Certificate of Interested Parties and did not request an extension of time in which to comply with the court's Order (Dkt. #3).

　　　On May 16, 2012, the court entered an Order to Show Cause (Dkt. #5) based on Plaintiffs' failure to comply with the court's previous Order (Dkt. #3). The court directed Plaintiffs to show cause in writing no later than May 29, 2012, why they had not complied with the court's Order (Dkt. #3). The Order to Show Cause (Dkt. #5) advised Plaintiffs that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions." Plaintiffs failed to file a response to the Order to Show Cause (Dkt. #5), and they have not requested an extension of time in which to do so.

　　　Plaintiffs' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely

management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  The Certificate of Interested Parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself.  Sanctions less drastic than dismissal are unavailable because Plaintiffs have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED** unless Plaintiffs file the Certificate of Interested Parties no later than **June 21, 2012.**

Dated this 7th day of June, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE